UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VISTAJET US INC.,

                                                    Case No.

                        Plaintiff,

                                                    **COMPLAINT**

            - against -

WILD WONDER LLC,

                        Defendant.
------------------------------------------------------------X

Plaintiff VistaJet US Inc. ("VistaJet US"), by and through its attorneys, Clyde & Co US LLP, as and for its Complaint against defendant Wild Wonder LLC ("Wild Wonder"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for breach of contract arising out of Wild Wonder's breach of an agreement (the "Agreement") between VistaJet US and Wild Wonder pursuant to which Wild Wonder agreed to purchase one hundred fifty (150) privately-chartered aircraft flight hours per year at a fixed rate and with guaranteed availability for a period of three (3) years.  Wild Wonder has breached the Agreement by failing and refusing to pay the money that it owes to VistaJet US under the Agreement.

## THE PARTIES

2.      VistaJet US is a corporation organized and existing under the laws of Delaware with its principal place of business located in New York, New York.

3.      Upon information and belief, at all times relevant to this action, Wild Wonder was and is a corporate entity organized and existing under the laws of Delaware, with its principal place of business located in New Jersey.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.     This Court has personal jurisdiction over Wild Wonder because in the Agreement it consented to the exclusive jurisdiction of the federal and state courts of the State of New York to determine any disputes arising out of the Agreement, and because the claims in this litigation arise out of its transaction of business in New York in relation to the Agreement.

6.     Venue is proper in this Court under 28 U.S.C. § 1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred, in which the Defendant is subject to the Court's personal jurisdiction, and to which the parties to the Agreement waived any venue objection.

## FACTUAL ALLEGATIONS

7.     On or about April 30, 2018, VistaJet US and Wild Wonder executed the Agreement which required VistaJet US to arrange to provide to Wild Wonder 150 flight hours per year on privately-chartered aircraft for a three (3) year term, and required Wild Wonder to pay for those 150 flight hours (the "Committed Hours") at the rate of $13,250 per hour in accordance with the payment schedule set forth in the Agreement.

8.     The start date for the Agreement was April 30, 2018.

9.     The Agreement required Wild Wonder to pay for the flight hours on the following schedule:

- $496,875 due on or before April 30, 2018 ("First Installment");

- $496,875 due on or before July 31, 2018 ("Second Installment");

- $496,875 due on or before October 31, 2018 ("Third Installment");

- $496,875 due on or before January 31, 2019 ("Fourth Installment");

- $496,875 due on or before April 30, 2019 ("Fifth Installment");

- $496,875 due on or before July 31, 2019 ("Sixth Installment");

- $496,875 due on or before October 31, 2019 ("Seventh Installment");

- $496,875 due on or before January 31, 2020 ("Eighth Installment");

- $496,875 due on or before April 30, 2020 ("Ninth Installment");

- $496,875 due on or before July 31, 2020 ("Tenth Installment");

- $496,875 due on or before October 31, 2020 ("Eleventh Installment"); and

- $496,875 due on or before January 31, 2021 ("Twelfth Installment");

10.     The Agreement provides, in the Payment Section, that "[t]ime for payment is of the essence.  Late payments are subject to interest at 1% of the outstanding sum per month from the due date until receipt of payment by VistaJet US."

11.     The Agreement, in Further Provisions, Section 5.1, defines an "Event of Default" to include, *inter alia*, the "failure to pay proper amount due when due under this Program."

12.     The Agreement, in Further Provisions, Section 5.2, provides that during an Event of Default by Wild Wonder, Wild Wonder shall not be entitled to use of the Aircraft under the Agreement, and Wild Wonder's "Committed Hours shall be reduced, as liquidated damages and not as a penalty, by an amount equal to one twelfth of the then-current Year's Committed Hours for each 30 day period or part thereof that such default persists. Any such reduction in Committed Hours shall be in addition to VistaJet US's right to claim all sums which may be due hereunder and to pursue all other remedies available to it at law or in equity."

13.    The Agreement, in Further Provisions, Section 5.4, provides that "[a]ll Installments … payable to VistaJet US by [Wild Wonder] under this Program shall become immediately due and payable to VistaJet US by [Wild Wonder] in the event that any payment due by [Wild Wonder] to VistaJet US under this Program remains wholly or partly outstanding for thirty (30) days or more after the date of invoice or other payment request issued by VistaJet US to [Wild Wonder] in relation to such payment."

14.    The Agreement, in Further Provisions, Section 5.5, provides that VistaJet US "reserves the right to re-charge [Wild Wonder] any costs incurred by VistaJet US in engaging lawyers  … instructed by VistaJet US to collect any sums overdue for payment under this Program."

15.    Wild Wonder timely paid the First through Eighth Installments due under the Agreement.

16.    VistaJet US has duly performed its obligations under the Agreement, including the arrangement of a flight for Wild Wonder that departed on April 30, 2020.

17.     Wild Wonder did not timely remit funds for the Ninth Installment due on April 30, 2020.

18.    Wild Wonder wrongfully has repudiated the Agreement, and wrongfully has failed and refused to pay the Ninth, Tenth, Eleventh and Twelfth Installments due under the Agreement, despite the demands of VistaJet US that it make such payments.

### COUNT ONE: BREACH OF CONTRACT – NINTH INSTALLMENT

19.    VistaJet US incorporates paragraphs 1-18 above as if set forth fully herein.

20.     Wild Wonder wrongfully failed and refused to pay, and never paid, the Ninth Installment of $496,875 that he was required to pay to VistaJet US under the Agreement, despite the demands of VistaJet US that he make such payment.

21.     Wild Wonder's failure to pay the Ninth Installment constituted an Event of Default under the Agreement.

22.     Wild Wonder's failure and refusal to pay to VistaJet US the money he owes to VistaJet US with respect to the Ninth Installment constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $496,875, exclusive of interest, costs and attorneys' fees.

23.     Accordingly, as a result of Wild Wonder's failure and refusal to pay VistaJet US the Ninth Installment as it was required to do under the Agreement, it owes and is required to pay to VistaJet US the sum of $496,875, plus interest, costs and attorneys' fees.

## COUNT TWO:  BREACH OF CONTRACT – ACCELERATION OF PAYMENTS

24.     VistaJet US incorporates paragraphs 1-23 above as if set forth fully herein.

25.     The Ninth Installment due and owing to VistaJet US under the Agreement has remained wholly unpaid and outstanding for more than thirty days after the payment requests issued by VistaJet US in relation to such payment.

26.     As a result of Wild Wonder's repudiation of the Agreement, and his failure and refusal to timely pay the Ninth Installment to VistaJet US despite the demands of VistaJet US that he make such payment, and pursuant to the Agreement's Further Provisions, Section 5.4, all of the money that Wild Wonder was required to pay under the Agreement for the Ninth, Tenth, Eleventh, and Twelfth Installments, totaling $1,987,500, became immediately due and payable by Wild Wonder to VistaJet US.

27.     Wilds Wonder has failed and refused to pay to VistaJet US the Ninth, Tenth, Eleventh, and Twelfth Installments that it owes to VistaJet US under the Agreement, totaling $1,987,500, despite the demands of VistaJet US for such payments.

28.     Wild Wonder's repudiation of the Agreement, and its failure and refusal to pay to VistaJet US the money it owes in relation to the Ninth, Tenth, Eleventh, and Twelfth Installments constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $1,987,500, exclusive of interest, costs and attorneys' fees.

29.     Accordingly, as a result of Wild Wonder's repudiation of the Agreement, and its failure and refusal to pay VistaJet US the money it owes to VistaJet US under the Agreement, VistaJet US is entitled to damages from Wild Wonder of $1,987,500, plus interest, costs and attorneys' fees in accordance with the terms of the Agreement.

WHEREFORE, VistaJet US demands judgment against Wild Wonder awarding it the total sum of $1,987,500, together with interest, attorneys' fees, and costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:  July 31, 2020

Respectfully submitted,

By_____
        Christopher Carlsen
        Nicholas Magali

CLYDE & CO US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3930

Attorneys for Plaintiff
VistaJet US Inc.

To:     Wild Wonder LLC
        c/o Paulo Lima
        111 Town Square Place, No. 517
        Jersey City, New Jersey 07310