

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
16th Floor
New York, New York 10174
United States
Telephone: +1 212 710 3900
Facsimile: +1 212 710 3950
www.clydeco.com

jeffrey.fegan@clydeco.us

Direct Line: + 212 710 3931

June 2, 2021

**VIA ECF**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *VistaJet US Inc. v. Wild Wonder LLC*
Case No. 1:20-cv-05974
Our File No. 10231158/001

Dear Judge Abrams:

My office represents Plaintiff VistaJet US Inc. ("VJUS"). Pursuant to FRCP 33 and 34, Local Rule 37.2 and Your Honor's part rules, I write to request that the Court order defendant Wild Wonder LLC ("Wild Wonder") to provide a further response to VJUS' interrogatories and requests for production of documents. By way of background, this case involves causes of action for breach of contract relating to a flight solutions program between the parties under which VJUS sold Wild Wonder one hundred fifty privately-chartered flight hours per year at a fixed rate and with guaranteed availability for three years beginning in April 2018. Wild Wonder refused to make its April 2020 payment despite the fact that it had taken nearly seventy flights arranged for it by VJUS during the preceding two years, including a cross-country flight from Newark, NJ to Santa Barbara, CA for it the very day its payment was due (April 30, 2020). VJUS alleges that a result of this unjustified breach of the flight solution program, Wild Wonder owes it $1,987,500, in addition to interest, costs, and attorneys' fees.

VJUS served Wild Wonder with discovery requests in January 2021. These included the following requests for production of documents that Wild Wonder refuses to respond to:

- **Request for Production No. 27:** All documents reflecting or concerning any communications between WW [Wild Wonder] and/or Paolo Lima[1] and any independent flight broker, on or after May 1, 2020.

---

[1] Paolo Lima is the principal of Wild Wonder and signed the flight services agreement on its behalf.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Denver, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix, San Francisco, and Washington D.C. Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

June 7, 2021
Page 2



- **Request for Production No. 29:** All documents evidencing or concerning any travel by air, domestic or international, commercial or private, conducted or participated in by Paolo Lima after February 1, 2020.

- **Request for Production No. 30:** All documents evidencing or concerning any travel by air, domestic or international, commercial or private, conducted or participated in by the spouse or children of Paolo Lima after February 1, 2020.

- **Request for Production No. 33:** All documents evidencing or concerning any overnight stays by Paolo Lima and/or his spouse or children, or any principals of WW [Wild Wonder] in a hotel, Airbnb property, vacation property, rental property, or any other property other than Paolo Lima's primary residence, after February 1, 2020.

Wild Wonder refuses to respond to the following interrogatories served on it by VJUS:

- **Interrogatory No. 21:** With the exception of the flight(s) identified in response to Interrogatory Nos. 16 and 18, state whether Paolo or Jamie Lima have traveled by air between May 2, 2020 and January 26, 2021.

- **Interrogatory No. 22:** If the answer to Interrogatory No. 21 is affirmative, state the date and departure and destination cities of each flight, and the passengers on each flight.

- **Interrogatory No. 23:** With the exception of Paolo and Jamie Lima, state whether any officer, director, member, owner, principal, or employee of WW has traveled by air between May 2, 2020 and January 26, 2021.

- **Interrogatory No. 24:** If the answer to Interrogatory No. 23 is affirmative, state the name of each such person who traveled, and the date and departure and destination city of each flight on which that person traveled during that time frame.

- **Interrogatory No. 25:** State whether WW [Wild Wonder] has paid for air transportation for any person where such air transportation was performed between May 1, 2020 and January 26, 2021.

- **Interrogatory No. 26:** If the answer to Interrogatory No. 25 is in the affirmative, state for each flight the name of the passenger, and the date and departure and destination cities of the flight.

I have contacted counsel for Wild Wonder in an effort to resolve the discovery dispute relating to these requests for production and interrogatories but have been unable to

Case 1:20-cv-05059-RA-GWG Document 26 Filed 06/07/21 Page 3 of 3

June 7, 2021
Page 3



obtain compliance. Wild Wonder's objections that these discovery requests are irrelevant is meritless, and the Court should compel it to respond. While not denying its failure to pay VJUS pursuant to the flight solutions program, Wild Wonder raises the affirmative defenses of frustration of purpose and impossibility in order to avoid liability. The merits of these affirmative defenses aside, Wild Wonder's contention that its performance was excused due to circumstances surrounding the coronavirus pandemic clearly makes its (and its principals') continued use of commercial and/or private air travel between May 2020 and April 2021 (the point at which the flight solutions program would have expired) relevant. *See Gap, Inc. v. Ponte Gadea New York LLC*, No. 20 CV 4541-LTS-KHP, 2021 WL 861121 (S.D.N.Y. March 8, 2021) (summary judgment awarded to plaintiff despite defendant's claimed affirmative defense of frustration of purpose with respect to a commercial lease due to COVID-19 when it was shown that defendant tenant had continued operations on a reduced scale during coronavirus pandemic); *see also 1140 Broadway LLC v. Bold Food, LLC*, No. 652674/2020, 2020 WL 7137817 at *4 (Sup. Ct., N.Y. Cty. Dec. 3, 2020) (summary judgment awarded to plaintiff despite defendant's claimed affirmative defense of impossibility of performance with respect to a commercial lease due to COVID-19 when it was shown that defendant tenant's operations were scaled back but not fully shut down during pandemic).

Discovery is set to close for this case on June 25, 2021 – without Court intervention VJUS will be unable to obtain the materials it needs to be prepared for trial, specifically the materials necessary to weigh the merits of Wild Wonder's affirmative defenses. As such VJUS requests that this Court order Wild Wonder to respond to the above-referenced interrogatories and requests for production of documents by a date certain.

Respectfully submitted,

Jeffrey C. Fegan

Defendant is directed to respond to this letter motion on or before June 15, 2021.

SO ORDERED.

Hon. Ronnie Abrams
06/09/2021